SAMUEL HOLMES, Appellant, *v.* WILLIAM STUMMEL, Appellee.

APPEAL FROM MARSHALL.

Where a contract requires that a party shall " clear, grub, and pile the brush, all to be done in good order on all " of a described piece of land, through which was a ravine; it is erroneous to admit evidence that it was not usual in the neighborhood to grub such ravines, or that a farm would be better without having them grubbed, especially when the party insists upon his right, under the contract, to have such grubbing done.

The word " clear" in such connection applies to brush too small to be grubbed, and not to large trees.

THIS was an action of assumpsit by Stummel against Holmes, on common counts, for work and labor done; plea, the general issue ; trial and verdict for Stummel for $193.19, before LELAND, Judge, at October term, 1853, of the Marshall Circuit Court.

Stummel proved that he had done grubbing for Holmes, commencing his work in the spring of 1852, and continuing till the spring of 1853.

Holmes proved that work was done under the following contract: Stummel has this day agreed to clear, grub, and pile the brush, all to be done in good order, on all the land south of the road running from Sandy Creek bridge to John Foster's, that William White bought of Edward Evans, to be done and completed by the first day of April, 1853; and the said Samuel Holmes hath agreed to pay the said William Stummel two hundred and seventy-eight dollars for the same; fifty, when the work is one half completed, the balance when done and completed. Holmes proved that there was a ravine on said land, running through the same from the north-east to the south-west; that along this ravine there was left standing brush and bushes.

T. L. DICKEY, for appellant.

GLOVER & COOK, for appellee.

CATON, J. Stummel agreed with Holmes for a certain price to " clear, grub, and pile the brush, all to be done in good order, on all of the land south of the road," &c., describing the land on which the work was to be done. Upon the land at the time,

were standing some large trees, some small trees or bushes, and underbrush.  Stummel was to receive for doing the job, $278. He did the grubbing, although, as the evidence shows, imperfectly cut down the underbrush, and piled the brush on all the land, except a ravine which run through the whole lot, which he neglected entirely.  The court decided, that by the contract he was bound to grub, cut, and pile the brush on all the land, as well that in the ravine as the other, but that he was not bound to clear the land of the large trees which would not be included in the contract to grub, but admitted evidence that it was not usual among farmers in that neighborhood to grub ravines, such as the one upon this land, and that, in the opinion of the witnesses, it was no advantage to the farm to have it grubbed. Evidence was also admitted tending to show, that the defendant below knew that the plaintiff grubbed up to the side of the ravine, and then passed over it and grubbed the land on the other side, without doing the work in the ravine.  The object of this testimony was to show that Holmes had waived his right to have the ravine grubbed according to the terms of the contract.  The court rejected evidence offered by Holmes, showing that to clear land required that the trees should be taken down as well as the bushes.

We agree with the circuit court in the construction given to the contract throughout.  Had the contract been that he should clear the land, and grub and pile the brush, no evidence would have been wanted to show that he was bound to clear the land of the large trees; for such is the well-known meaning of the word when thus used. . But such is not the expression of the contract, nor is there any necessity of supplying the word "land," in order to give a meaning or effect to the word " clear."  Grammatically, the word " clear " applies to the brush, as much as the words " grub," and " pile."  But it was insisted in the argument, that to give it such application, leaves the word " clear" without any meaning whatever, as the entire obligation which it would impose, is included in the word " grub ;" and that the words when thus used are synonymous.  This, we think, is not the case.  The evidence shows that there was underbrush too small to be grubbed, and that being the case, but for the word " clear," the party would not have been bound to have cut and piled it; for he was certainly not bound to grub the brush which was too small to be grubbed, any more than the trees, which were too large, as that process is usually understood and practised among farmers.  We see, then, that there was brush to which the word " clear" could appropriately and alone be applied, and such application, we think, was manifestly intended

35 *

Holmes *v.* Stummel.

by the parties, and that it would have been adding to the contract to have implied the word "land" after "clear," as was proposed.

But we think the court erred in admitting evidence, showing that it was not usual to grub ravines such as this, and that it was thought to be better for the farm not to have them grubbed. Holmes had a right to contract to have the whole land grubbed as he did; whether it was a matter of utility in his judgment or of mere taste, it was his privilege to differ with others on that subject, and he has as much a right to insist upon the performance of that part of his contract as of the other; and we think this evidence did not tend to prove a waiver by him of the performance of that part of the agreement. The fact that he had made a contract to have that portion of his land grubbed, showed that he chose to differ with those who thought it better not to have it done, and refuted in advance any inference to be drawn from the opinions of others, as to his views and wishes. Nor was it for Holmes to interfere with Stummel, and dictate to him what part of the work he should do first, and what last. Holmes could not say to Stummel, you shall do your work clean as you go, and you shall not pass over the ravine and do the work on the other side first; nor had he any right to presume, when he saw him pass over the ravine, that he intended to omit that altogether. We think the evidence was not admissible for the purpose proposed, and should have been ruled out. Besides, if it did tend, in some remote degree, to establish that point, any presumption arising from it, of acquiescence by Holmes that Stummel should not grub the ravine, was overwhelmingly refuted by the repeated and constant protest by Holmes, that the contract required that the ravine should be grubbed, and he insisted upon it. We think the jury should have deducted from the price to be paid, the value of grubbing the ravine, even if they made no deduction for the imperfect manner in which the balance of the work was done.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*